Paul A. Hefley, Esq. (SBN 304895)
Matthew H. Storey, Esq. (SBN 279773)
LAW OFFICES OF SCHWARTZ & STOREY
2247 San Diego Ave., Suite #237
San Diego, California 92110
Telephone: (858) 430-8166
Facsimile: (858) 430-8167

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.M. By and Through His Guardians Ad Litem NATHAN AND DOREEN MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.: '19CV0689 JM  MSB<br><br>**COMPLAINT**<br><br>(1) **Appealing an Administrative Hearing Decision;**<br>(2) **Award for Attorney Fees as Prevailing Party Under 20 U.S.C. § 1415.** |

## INTRODUCTION

1.   This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 et seq.

## JURISDICTION AND VENUE

2.   This court has jurisdiction of this action under 28 U.S.C. § 1331 because it arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Jurisdiction is expressly vested in this Court pursuant to

1

COMPLAINT FOR RELIEF UNDER THE INDIVIDUALS WITH DISABILITIES AND EDUCATION ACT

20 U.S.C. § 1415 (i)(2)(A) and 1415(i)(3)(A).

3. Venue is appropriate in this Judicial District pursuant to 28 U.S.C. 1391(b) because Defendant is located within San Diego County, which is within the jurisdiction of the U.S. District Court for the Southern District of California. All of the events that are the subject of this Complaint took place within the Southern District.

## PARTIES

4. Plaintiff E.M. ("Student" or "Plaintiff") is a citizen of the United States. At all relevant times herein, resides with his parents in San Diego County and the jurisdictional boundaries of the Poway Unified School District.

5. Student's parents, Nathan and Doreen Miller, are citizens of the United States, who at all times herein, resided within San Diego County and the boundaries of the Poway Unified School District.

6. Defendant, Poway Unified School District ("District") is a public school district organized and existing under the laws of the State of California and is located within San Diego County. At all relevant times herein, District was the local education agency ("LEA") responsible for providing E.M. with a free appropriate public education ("FAPE"), consistent with the IDEA and corresponding California law.

## PROCEDURAL HISTORY & FACTUAL BACKGROUND

7. E.M. is a nine-year-old boy in the 4th grade who qualifies for special education and related services under the IDEA and California Education Code as a student with a disability under the eligibility category of Other Health Impairment ("OHI").

8. E.M. began the 2016-2017 school year in general education.

9. In February 2017, the Individualized Education Program team ("IEP

team") agreed to remove E.M. from general education and place him in District's autism spectrum disorder – special day class ("ASD-SDC") at Westwood Elementary School, a comprehensive site with access to typically-developing peers.

10. E.M. remains in District's ASD-SDC program at Westwood.

11. In the fall of his 3rd grade year, on September 6, 2017, the IEP team met to develop E.M.'s triennial IEP. The IEP team did not complete E.M.'s IEP at the September meeting and ultimately held three continuation meetings: October 25, 2017, December 14, 2017, and January 29, 2018.

12. On December 14, 2017, after having made only modest changes to his triennial IEP, District recommended placing E.M. in a nonpublic school, which is one of the most restrictive placements a school district could offer because it would remove him from all opportunities to interact with typically-developing peers. District specifically recommended Springall Academy or San Diego Center for Children ("SDCC"). District, however, did not have representatives from Springall or SDCC present at the meeting, as required by law. See 34 C.F.R. § 300.325(a)(1)-(2).

13. Additionally, at the December meeting, District did not provide Student's parents with adequate information so that they could make an informed decision regarding District's recommendation. District gave Student's parents a printout with general information about both schools. But District failed to discuss any specific information about the programs available at either school, including the type of instruction used, the specific type of related services E.M. would receive, what type of professionals would provide them, or the classroom settings into which E.M. would be placed. District also failed to discuss why it was recommending Springall and SDCC instead of other nonpublic schools in the area.

14. At the conclusion of the December meeting, Student's parents asked for time to consider District's placement recommendation.

15. On January 29, 2018, the IEP team reconvened to finalize E.M.'s triennial IEP. District reiterated its nonpublic school placement offer but, again, it did not have a representative from Springall or SDCC present at the meeting and it did not provide Student's parents with additional information about either school.

16. At the January meeting, Student's parents informed District that they would not agree to move E.M. to a more restrictive placement. Therefore, as of January 2018, Student's parents and District reached an impasse regarding E.M.'s placement.

17. The IEP team did not reconvene until May 3, 2018. At this meeting, District reiterated its nonpublic school offer. And, again, District did not have a representative from Springall or SDCC present at the meeting and it did not provide Student's parents with additional information about either school.

18. On June 18, 2018, Student filed a request for due process hearing with the California Office of Administrative Hearings ("OAH"). Two days later, OAH issued a Notice of Due Process Hearing and Mediation in the matter of *Parent on Behalf of Student v. Poway Unified School District*, OAH Case No. 2017060763, therein setting expedited and non-expedited hearing dates.

19. On July 10, 2018, Student filed a motion to withdraw without prejudice the expedited issue. The next day, OAH dismissed without prejudice the issue and vacated the expedited hearing dates.

20. On August 1, 2018, District filed a request for due process hearing with OAH concurrently with a motion to consolidate. Two days later, OAH granted District's motion to consolidate and issued a Notice of Due Process Hearing and Mediation, identifying District's case as OAH Case No. 2018080048.

21. On November 28, 2018, Student filed a motion to amend his request for due process hearing. Two days later, OAH granted Student's motion and his amended request for due process hearing was deemed filed as of that date.

22. The Due Process Hearing was held in Poway, California, before Administrative Law Judge Clifford Woosley ("ALJ") on January 24, 29, 30, 31, 2019, and telephonically on February 5, 2019.

23. The issues before OAH were as follows (as listed in the Decision):

*Student's Issues*

1. Did Poway deny Student a free appropriate public education because the December 2017 triennial IEP offer of nonpublic school was not Student's least restrictive environment?

2. Did Poway deny Student a FAPE from June 11, 2016 to the date the complaint was filed when Poway failed to develop Student's individualized education program to include appropriate accommodations, modifications, supports, and services?

3. Did Poway deny Student a FAPE by failing to initiate a due process hearing within a reasonable time after the IEP Team reached an impasse regarding his placement in 2017?

*District's Issue*

Did Poway's September 6, 2017 IEP offer of program, services, and placement, as amended on October 25, 2017, December 14, 2017, January 29, 2018, and May 3, 2018, provide Student with a FAPE in the least restrictive environment?

24. On March 4, 2019, the parties submitted their written closing briefs,

the record was closed, and the matter was submitted for decision.

25. On March 18, 2019, OAH issued its Decision ("OAH Decision"). A true and correct copy of the OAH Decision is attached hereto as Exhibit A and incorporated herein by reference.

26. The OAH Decision held that Plaintiff prevailed on District's Issue. District prevailed on Student's Issue 1, 2, and 3.

27. The OAH Decision does not include an Order.

28. This Complaint appealing the underlying OAH decision is timely filed.

## FIRST CLAIM FOR RELIEF
## (FOR REVERSAL OF THE OAH DECISION IN CASE NOS. 2018060763 & 2018080048)

29. Plaintiff alleges and incorporates by reference as through fully set forth herein, paragraphs 1-28, inclusive of this Complaint.

30. Plaintiff is a "party aggrieved" by the OAH Decision, as defined by 20 U.S.C. § 1415(i)(2)(A) and Cal. Educ. Code § 56505(k). OAH erred by failing to find in E.M.'s favor and award him his requested remedies, even though he proved his claims at hearing by a preponderance of the evidence.

31. Plaintiff seeks to overturn the Administrative Law Judge's determinations on issues 1, 2, and 3, as described above in paragraph 23.

## SECOND CLAIM FOR RELIEF
## (FOR RECOVERY OF ATTORNEYS' FEES AND COSTS UNDER 20 U.S.C. § 1415)

32. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1-31, inclusive of this Complaint.

33. Should this Court rule in E.M.'s favor on his First Claim for Relief, he

would become a prevailing party in the underlying Due Process Hearing.

34. As prevailing party in the proceeding before OAH, Plaintiff is entitled to reimbursement of reasonable attorneys' fees incurred during the course of those proceedings under 20 U.S.C. § 1415(i)(3)(B), as well as for attorneys' fees incurred seeking those fees as part of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff requests judgment as follows**:

**On Plaintiff's First Claim for Relief:**

35. Overturn the Administrative Law Judge's determinations on Student's issues 1, 2, and 3, as described above in paragraph 23.

36. Order that District denied E.M. a free appropriate public education by failing to offer him placement in his least restrictive environment.

37. Order that District denied E.M. a free appropriate public education by failing to develop his individualized education program to include appropriate accommodations, modifications, supports, and services.

38. Order that District denied E.M. a free appropriate public education by failing to initiate a due process hearing within a reasonable time after the IEP Team reached an impasse regarding his placement in 2017.

39. Order that District provide the relief requested in the underlying Due Process Hearing.

**On Plaintiff's Second Claim for Relief:**

40. Award reimbursement for reasonable attorneys' fees and costs incurred in connection with the proceedings before OAH in an amount as determined by the discretion of this court as authorized by 20 U.S.C. § 1415(i)(3)(B).

/////

**On All Claims for Relief:**

41. Award reasonable attorneys' fees and costs incurred in connection with the current proceeding.

42. For such additional relief as the court determined is appropriate.

Date: April 15, 2019          By:   s/ Paul A. Hefley
                                    Law Offices of Schwartz & Storey
                                    Paul A. Hefley, Esq.
                                    Attorney for Plaintiff

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
E.M. By and Through His Guardians Ad Litem, NATHAN and DOREEN MILLER

**DEFENDANTS**
POWAY UNIFIED SCHOOL DISTRICT

**(b)** County of Residence of First Listed Plaintiff: **San Diego County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **San Diego County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul A. Hefley, Jr.
Law Offices of Schwartz & Storey
2247 San Diego Ave. Suite 237, San Diego, CA 92110. 858-430-8166

Attorneys *(If Known)*

**'19CV0689 JM   MSB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☒ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. 1400
Brief description of cause:
Complaint to review administrative decision and attorney fees.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 4/15/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE