UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. M.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　Defendant.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　Counter Claimant,<br><br>v.<br><br>E. M.,<br><br>　　　　　　　　　Counter Defendant. | Case No.: 19cv689 JM (MSB)<br><br>**ORDER DENYING MOTION TO APPOINT GUARDIAN AD LITEM WITHOUT PREJUDICE** |

Plaintiff E.M. petitions the court to appoint his parents, Nathan and Doreen Miller, as his guardians ad litem. (Doc. No. 9.) Plaintiff's petition does not cite any authority for his request; the court presumes that Plaintiff moves for appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17. Rule 17(c) provides that a general guardian may act as a representative and sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1).

| | |
|---|---|
| 1 | If a minor does not have a representative, however, the court may appoint a guardian ad litem to protect the minor. Fed. R. Civ. P. 17(c)(2). Plaintiff's complaint and petition to appoint a guardian ad litem state that Nathan and Doreen Miller are his parents, so it is unclear why it is necessary to separately appoint them as guardians ad litem in this lawsuit. See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist., No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (holding that parents' application for appointment as guardians ad litem was unnecessary, noting that "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and '[a] parent is a guardian who may so sue.'"). Plaintiff's petition does not indicate why his application should be treated any differently than the petition in Doe ex rel. Sisco. Accordingly, the court denies Plaintiff's petition without prejudice. |

IT IS SO ORDERED.

DATED: May 21, 2019

JEFFREY T. MILLER
United States District Judge