UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. M.,<br><br>  Plaintiff,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | Case No.: 19cv689 JM (MSB)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR STAY PUT PLACEMENT** |
| POWAY UNIFIED SCHOOL DISTRICT,<br><br>  Counter Claimant,<br><br>v.<br><br>E. M.,<br><br>  Counter Defendant. | |

Plaintiff and Counter Defendant E.M. ("Plaintiff"), by and through his parents Nathan and Doreen Miller, move the court for a "stay put" placement during the pendency of this action. (Doc. No. 12.) Defendant and Counter Claimant Poway Unified School District (the "District") does not oppose.[1] For the reasons stated below, the court grants Plaintiff's motion.

---

[1] On June 4, 2019, the court issued a briefing schedule on Plaintiff's motion to stay put. (Doc. No. 14.) The District did not file an opposition to Plaintiff's motion. Accordingly, the court considers Plaintiff's motion unopposed. See Civ. L.R. 7.1.f.3.c ("If an opposing

## BACKGROUND

On April 15, 2019, Plaintiff, by and through his parents, filed a complaint seeking to overturn an unfavorable decision by the California Office of Administrative Hearings ("OAH") and alleging the District failed to provide him with a free and appropriate education in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. (Doc. No. 1, "Compl.")  Plaintiff is a nine-year-old boy in the fourth grade. (Compl. ¶ 7.)  In February 2017, an Individualized Education Program team ("IEP team") agreed to remove Plaintiff from general education and place him in the District's autism spectrum disorder-special day class ("ASD-SDC program") at Westwood Elementary School. (Compl. ¶ 9.)  Plaintiff is currently in the ASD-SDC program at Westwood Elementary School. (Compl. ¶ 10.)  In his motion, Plaintiff represents that on December 14, 2017, the IEP team agreed upon and implemented a new IEP offering Plaintiff specialized academic instruction, occupational therapy, speech and language services, individual counseling, and placement in the ASD-SDC program at Westwood. (Doc. No. 12 at 3; Doc. No. 12-2, Exh. 1 at 2.)[2]  The District later recommended placing Plaintiff in a nonpublic school, which Plaintiff's parents challenged. (Compl. ¶¶ 12-17.)  On June 18, 2018, Plaintiff filed a request for a due process hearing with OAH challenging the District's recommendation of a nonpublic school placement.  (Compl. ¶ 18.)  Ultimately, an administrative law judge ruled in the District's favor and Plaintiff appealed to this court. (Compl. ¶¶ 25-31.)

## DISCUSSION

Plaintiff's complaint arises under IDEA.  Section 1415(j) of the Act requires that, when a due-process complaint has been filed,

---

party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.").
[2] All page citations in this order refer to those generated by the court's CM/ECF system.

> unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j). Accord 34 C.F.R. § 300.518(a). "A motion for stay put functions as an 'automatic' preliminary injunction," Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1037 (9th Cir. 2009), so "a student who requests an administrative due process hearing is entitled to remain in his educational placement regardless of the strength of his case or the likelihood he will be harmed by a change in placement." A.D. ex rel. L.D. v. Hawaii Dep't of Educ., 727 F.3d 911, 914 (9th Cir. 2013).

The phrase "'educational placement' means the general educational program of the student." N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ., 600 F.3d 1104, 1116 (9th Cir. 2010). "The reading most consistent with the ordinary meaning of the phrase suggests that the 'then-current educational placement' refers to the educational setting in which the student is actually enrolled at the time the parents request a due process hearing to challenge a proposed change in the child's educational placement." N.E. by & through C.E. & P.E. v. Seattle Sch. Dist., 842 F.3d 1093, 1096 (9th Cir. 2016). In a series of cases, the Ninth Circuit has "interpreted 'current educational placement' to mean 'the placement set forth in the child's last implemented IEP.'" K.D. ex rel. C.L. v. Dep't of Educ., 665 F.3d 1110, 1117-18 (9th Cir. 2011); N.D., 600 F.3d at 1114; L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 911 (9th Cir. 2009); Johnson ex rel. Johnson v. Special Educ. Hearing Office, 287 F.3d 1176, 1180 (9th Cir. 2002) (per curiam). "Although the statute refers to 'educational placement,' not to 'IEP,' the purpose of an IEP is to embody the services and educational placement or placements that are planned for the child." N.E., 842 F.3d at 1096.

Here, Plaintiff and the District have not otherwise agreed to Plaintiff's placement. Thus, the issue is what Plaintiff's "current educational placement" was on the day he filed his complaint with OAH. Plaintiff filed a request for a due process hearing on June 18,

2018. Plaintiff represents that the December 14, 2017 IEP is the last agreed upon and implemented IEP prior to the filing of an OAH complaint. (Doc. No. 12 at 3.) Because the District does not dispute this factual assertion or oppose Plaintiff's motion, the court accepts Plaintiff's representation as true. Accordingly, the court grants Plaintiff's motion for stay put placement in accordance with the December 14, 2017 IEP during the pendency of this action.

**CONCLUSION**

The court grants Plaintiff's motion for stay put placement during the pendency of this action (Doc. No. 12).

IT IS SO ORDERED.

DATED: July 8, 2019

JEFFREY T. MILLER
United States District Judge